**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Barbara A. Stark**
  Debtor(s)

Bankruptcy Case No.: 17−24172−GLT
Issued Per Nov. 19, 2020 Proceeding
Chapter: 13
Docket No.: 72 − 67, 68
Concil. Conf.: at

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated October 13, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.  For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.  The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.  Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.  Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.  The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: U.S. Bank National Association (Claim No. 2) following notices of payment change of record .

☐ H.  Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: November 24, 2020

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                                          Case No. 17-24172-GLT
Barbara A. Stark                                                                                    Chapter 13
          Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0315-2                       User: jhel                                                Page 1 of 2
Date Rcvd: Nov 24, 2020          Form ID: 149                                           Total Noticed: 21

The following symbols are used throughout this certificate:
**Symbol    Definition**
+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 26, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Barbara A. Stark, 3013 Brownsville Road, Pittsburgh, PA 15227-2401 |
| cr | + | Borough of Brentwood/Brentwood School District, Goehring, Rutter & Boehm, 437 Grant Street, 14th Floor, Frick Building, Pittsburgh, PA 15219 UNITED STATES 15219-6101 |
| cr | + | Specialized Loan Servicing LLC as servicing agent, 6200 S. Quebec Street, Suite 300, Greenwood Village, CO 80111-4720 |
| cr | + | U.S. BANK NATIONAL ASSOCIATION, 14841 Dallas Pkwy Suite 425, Dallas, TX 75254-8067 |
| cr | + | U.S. BANK NATIONAL ASSOCIATION, 8742 Lucent Blvd, Suite 300, Highlands Ranch, CO 80129-2386 |
| cr | + | U.S. Bank National Association, 14841 Dallas Parkway #425, Dallas, TX 75254-8067 |
| 14740729 | + | Borough of Brentwood/Brentwood School District, Goehring, Rutter & Boehm, c/o Jeffrey R. Hunt, Esquire, 437 Grant Street, 14th Floor, Frick Building Pittsburgh, PA 15219-6101 |
| 14712244 | + | First Premier Bank, 3820 N. Louise Ave., Sioux Falls, SD 57107-0145 |
| 14712247 | | Seventh Avenue, 1414 S. 21st St., Monroe, WI 53566 |
| 14712248 | + | Specialized Loan Servicing, 8742 Lucent Blvd., Suite 300, Littleton, CO 80129-2386 |
| 14886560 | + | U.S. Bank National Association Trustee, c/o Specialized Loan Servicing LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |
| 14719921 | + | U.S. Bank National Association Trustee (See 410), c/o Specialized Loan Servicing LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |

TOTAL: 12

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 14775803 | + | Email/Text: kburkley@bernsteinlaw.com | Nov 25 2020 03:12:00 | Duquesne Light Company, c/o Bernstein-Burkley, P.C., 707 Grant St., Suite 2200, Gulf Tower, Pittsburgh, PA 15219-1945 |
| 14712245 | | Email/Text: JCAP_BNC_Notices@jcap.com | Nov 25 2020 03:12:00 | Jefferson Capital Systems, 16 McLeland Road, Saint Cloud, MN 56303 |
| 14741394 | | Email/Text: JCAP_BNC_Notices@jcap.com | Nov 25 2020 03:12:00 | Jefferson Capital Systems LLC, Po Box 7999, Saint Cloud Mn 56302-9617 |
| 14774728 | | Email/PDF: resurgentbknotifications@resurgent.com | Nov 25 2020 02:10:05 | LVNV Funding, LLC its successors and assigns as, assignee of Arrow Financial Services,, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 14715991 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Nov 25 2020 03:12:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |
| 14741400 | + | Email/Text: JCAP_BNC_Notices@jcap.com | Nov 25 2020 03:12:00 | Premier Bankcard, Llc, Jefferson Capital Systems LLC Assignee, Po Box 7999, Saint Cloud Mn 56302-7999 |
| 14712246 | + | Email/Text: bknotices@professionalcredit.com | Nov 25 2020 03:12:00 | Professional Credit Service, 400 International Way, Springfield, OR 97477-7004 |
| 14745965 | | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Nov 25 2020 02:10:06 | Verizon, by American InfoSource LP as agent, PO Box 248838, Oklahoma City, OK 73124-8838 |
| 14712249 | + | Email/Text: bnc-bluestem@quantum3group.com | Nov 25 2020 03:12:00 | WEB Bank/Fingerhut, 6250 Ridgewood Rd., Saint Cloud, MN 56303-0820 |

TOTAL: 9

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Duquesne Light Company |
| cr | | U.S. Bank National Association, as Trustee Et Al.. |
| cr | *+ | U.S. BANK NATIONAL ASSOCIATION, 14841 Dallas Pkwy Suite 425, Dallas, TX 75254-8067 |

TOTAL: 2 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 26, 2020         Signature:         /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 24, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Amy L. Zema | on behalf of Debtor Barbara A. Stark amy@zemalawoffice.com |
| Brian Nicholas | on behalf of Creditor U.S. Bank National Association as Trustee Et Al... bnicholas@kmllawgroup.com |
| Jeffrey R. Hunt | on behalf of Creditor Borough of Brentwood/Brentwood School District jhunt@grblaw.com  cnoroski@grblaw.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com |
| Lisa Cancanon | on behalf of Creditor Specialized Loan Servicing LLC as servicing agent for U.S. Bank National Association as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaS lisac@w-legal.com, Llombardi06@law.du.edu |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 7